UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CRIMINAL ACTION NO. 03-35-DLB

UNITED STATES OF AMERICA                                             PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

VERNON SLONE                                                         DEFENDANT

*******************************

This matter is currently before the court upon Defendant Vernon Slone's Motion to Re-Docket and for Re-Sentencing pursuant to the Supreme Court's decision in *United States v. Booker,* 125 S.Ct. 738 (2005). (Doc. # 214) Although not styled as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, because the relief sought in the motion is the same as traditionally requested in § 2255 motions, to wit, re-sentencing, the Court will construe the motion as a motion to vacate sentence pursuant to § 2255.

So construed, ordinarily the motion would be referred to the United States Magistrate Judge for a Report and Recommendation. However, in light of the issues raised by Defendant in the motion, the Court will proceed to address this matter without the necessity of a magistrate's report.

I.      **Factual and Procedural Background**

On February 5, 2004, Defendant entered a guilty plea to Counts 1, 9 and 11 of the Indictment. In his written plea agreement, Defendant agreed to a relevant conduct of between 3.5 and 5 kilograms of cocaine and stipulated that some of the firearms listed in

1

Count 9 were possessed by him in furtherance of the cocaine conspiracy. Based on the quantity of the cocaine, the parties also recommended a base offense level of 30 pursuant to USSG § 2D1.1 and a 2 level reduction pursuant to USSG § 3E1.1. The government also agreed to recommend a sentence of 12 years at the time of sentencing. Defendant further agreed to waive his right to appeal and attack collaterally his guilty plea and conviction. There was no waiver regarding the sentence.

On May 4, 2004, Defendant appeared for sentencing. At that time the Court adopted the guidelines recommended by the Probation Officer which mirrored those recommended by the parties in the plea agreement. The Court also accepted the plea agreement. Based on a total offense level of 28 and criminal history category of I, Defendant's sentencing guideline range on Count 1 was 78-97 months, mandatorily consecutive to 60 months on Count 9.

Defendant was sentenced to 84 months on Count 1, consecutive to 60 months on Count 9, for a total sentence of 144 months. A corresponding judgment was filed on May 4, 2004. However, Defendant did not file a timely appeal.

II.     **Discussion**

In his motion (Doc. # 214), Defendant requests to be re-sentenced pursuant to the *Booker* decision. For the reasons that follow, the motion is **denied**.

As an initial matter, the Court notes that Defendant agreed to the only enhancement contained in the guidelines in this case. Defendant's plea agreement contained an agreed relevant conduct amount of 3.5 to 5 kilograms of cocaine, which yielded a base offense level of 30. The only other adjustment to the guidelines was a 2 level reduction for

acceptance of responsibility. Because Defendant admitted that the offense for which he was convicted in Count 1 involved 3.5 to 5 kilograms of cocaine, imposing a sentence on the basis of this quantity of cocaine comports with *Booker* and did not violate Defendant's Sixth Amendment rights. *See Booker,* 125 S.Ct. at 756 ("Any fact [other than a prior conviction] which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (italics added). *See also United States v. Amiker*, 414 F.3d 606, 607 (6th Cir. 2005) (where a defendant pleads guilty, the government " 'is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.' ") (citation to *Booker* and *Blakely* omitted)

The *Booker* Court directed that its holding be applied to all cases on direct review. 125 S.Ct. at 769. A case is considered final and no longer on direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6 (1987). Because Defendant took no appeal of his sentence, his conviction and sentence became final 10 days later (i.e., on May 14, 2004), when the time for filing a notice of appeal expired. *See* Fed. R.App. P. 4(b). Defendant's case therefore no longer was on direct review when *Booker* was decided on January 12, 2005.

The Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, --- S.Ct. ----, 2005 WL

3

1671557 (U.S. Oct 03, 2005). Based on the express holding in *Humphress,* Defendant is not entitled to relief on his motion because *Booker* does not retroactively apply to cases that were final before January 12, 2005.

Accordingly, **IT IS ORDERED AS FOLLOWS**:

1. Defendant Vernon Slone's Motion to Re-Docket and for Re-Sentencing (Doc. # 214) be, and is hereby, **DENIED**, with prejudice;

2. This action is hereby **DISMISSED**, sua sponte, and **STRICKEN** from the Court's docket. A corresponding Judgment will be entered this date.

This 12th day of October, 2005.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\PikeCrim\03-35-Order-Denying-Motion-Resentencing.wpd